Filed 9/24/14  P. v. Montgomery CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT


THE PEOPLE,

    Plaintiff and Respondent,

        v.

NATASHA EUGENIE MONTGOMERY,

    Defendant and Appellant.

F067392

(Super. Ct. No. 1439628)

**OPINION**


### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Marie Sovey Silveira, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.


-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J., and Chittick, J.†

†    Judge of the Fresno Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Natasha Eugenie Montgomery, pled no contest to petty theft with priors (Pen. Code, § 666)[1] and admitted three prior prison term enhancements (§ 667.5, subd. (b)) and allegations that she had two prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 18, 2011, Montgomery took makeup and cosmetic products belonging to the Sephora Corporation.

On January 20, 2012, the district attorney filed an information charging Montgomery with petty theft with priors (count 1), three prior prison term enhancements and having two prior convictions within the meaning of the three strikes law.

On February 6, 2013, Montgomery pled no contest to the petty theft charge and admitted the prior prison term enhancements and the three strikes allegations in exchange for one strike conviction being stricken, a stipulated six-year term, and a *Cruz*[2] waiver that allowed her to be released from custody for approximately six weeks.

On March 29, 2013, the court struck one of Montgomery's prior prison term enhancements and sentenced her, pursuant to her plea agreement, to an aggregate six-year term, the mitigated term of two years on her petty theft with priors conviction, doubled to four years because of Montgomery's strike conviction, and two one-year prior prison term enhancements.

Montgomery's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247.

record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Montgomery has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.